IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

ANGELA WOODS, )
)
   Plaintiff, )
) Cause No.:
v. )
) Division:
)
WHITE CASTLE SYSTEM, INC. )
**Serve Registered Agent at:** )
   **Corporate Creations Network, Inc.** )
   **12747 Olive Boulevard, Suite 300** )
   **St. Louis, Missouri 63141** )
)
   Defendant. )

## PETITION FOR DAMAGES

COMES NOW, Plaintiff, Angela Woods, by and through counsel, Derek R. Haake, and for her Petition for Damages against Defendant, White Castle System, Inc., states to the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Angela Woods (hereinafter "Ms. Woods"), is an African American female who resides in St. Charles County, Missouri.

2. Defendant, White Castle System, Inc. (hereinafter "White Castle") is a foreign limited liability company who is registered to do business in the State of Missouri.

3. Jurisdiction and venue are proper in this Court because Defendant has committed unlawful discriminatory practices within St. Charles County, Missouri. *Mo. Rev. Stat.* §213.111(1)

### FACTUAL ALLEGATIONS TO ALL COUNTS

4. Ms. Woods was an employee of White Castle from September 25, 2018 until February 18, 2020 at White Castle's Wentzville, Missouri location.

5. While working for White Castle, Ms. Woods became a certified trainer.

6. After suffering a medical issue on or around December 2019, Ms. Woods applied for and was granted short term disability under the Family Emergency Medical Leave Act.

7. On or about February 18, 2020, Ms. Woods attempted to return to work following her leave.

8. Ms. Woods was told by White Castle that she needed to get clearance from her doctor in order to return to work.

9. Ms. Woods received said clearance and properly sent the doctor's clearance to White Castle's Team Member Services.

10. As a part of Ms. Woods change in health because of her disability, Ms. Woods required the constant use of an oxygen tank.

11. White Castle then send multiple requests to have her physician give her a medical release to return to work, specifically asking her physician to make certain statements about what work Ms. Woods could and could not do in the performance of her duties.

12. After receiving this revised letter from Ms. Woods' physician, White Castle refused to let Ms. Woods work around the deep fryers or other sources of heat because of her required oxygen tank.

13. Ms. Woods subsequently requested to work the register in the drive through, which was nowhere near the fryers or a heat source.

14. White Castle refused Ms. Woods request allegedly because her position as a Certified Trainer meant that she could not exclusively work the drive through register.

15. White Castle subsequently refused to give Ms. Woods her job back and terminated Ms. Woods employment.

16. Upon information and belief, at the time that Ms. Woods was fired, White Castle employed a white female Certified Trainer who exclusively worked the drive through.

## COUNT I
## VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT
## MO. REV. STAT. §213.055

17. Ms. Woods re-affirms and incorporates by reference her claims in the Factual Allegations to All Counts, as if fully stated out herein.

18. White Castle discriminated against Ms. Woods in the following ways:

   a. White Castle failed to reasonably accommodate Ms. Woods' disability by allowing Ms. Woods to work at the register in the drive through only, which her disability would have allowed; and

   b. White Castle allowed a white woman who was a Certified Trainer to work in the drive through only after having refused Ms. Woods, an African American woman who was also a Certified Trainer, to work in the drive through only.

19. White Castle subsequently fired Ms. Woods for being a disabled African American woman.

20. In so doing, White Castle has violated Section 213.055 of the Missouri Revised Statutes.

21. Ms. Woods has been damaged in lost wages since May 2020, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

22. Ms. Woods has and is currently incurring attorney's fees to pursue this cause of action.

23. Upon information and belief White Castle employs more than five hundred (500) employees.

WHEREFORE, Plaintiff, Ms. Woods, prays this Court enter a judgment for actual back pay including interest; court costs and fees; attorney's fees and for any and all further relief this Court deems just and proper.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Ms. Woods re-affirms and incorporates by reference her claims in the Factual Allegations to All Counts and all prior Counts, as if fully stated out herein.

25. White Castle intentionally and knowingly discriminated against Ms. Woods.

26. Acting on this discrimination, White Castle fired Ms. Woods.

27. The actions and conduct of White Castle were extreme and outrageous.

28. The actions and conduct of White Castle were the cause of Ms. Woods harm and damages.

29. As a direct and proximate cause of White Castle's actions and conduct, Ms. Woods was damaged.

WHEREFORE, Plaintiff, Ms. Woods, prays this Court enter a judgment for Ms. Woods' injuries in an amount over twenty-five thousand dollars ($25,000); court costs and fees; attorney's fees and for any and all further relief this Court deems just and proper.

STATE OF MISSOURI            )
                             ) ss.
COUNTY OF ST. CHARLES        )

I, Angela Woods, of lawful age, upon being duly sworn upon her oath states and disposes the facts contained in the above and foregoing are true, accurate and correct, to the best of her information, knowledge, and belief.

*/s/ Angela Woods*
Angela Woods

Subscribed and Sworn to before me, a Notary Public in and for the State and County aforesaid this 5th day of March, 2021.



My Commission Expires:

October 29, 2022

_Lori A. Jones_
Notary Public
Lori A. Jones
Commissioned in Warren, Co., MO
Commission No. 14498121

Respectfully submitted,

HOWARD HAAKE, LLC

By: _____
Derek R. Haake, #64301
511 West Pearce Boulevard
Wentzville, Missouri 63385
(636) 332-5555
derek@howardhaake.com
*Attorney for Plaintiff*