## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANGELA WOODS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:21-CV-460 RLW |
| WHITE CASTLE SYSTEM, INC. | ) ) ) |
| Defendant. | ) ) |

### ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file. The Court has examined the Notice of Removal and the state court petition and believes questions remain as to whether federal subject matter jurisdiction exits in this case. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987).

The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are to be resolved in favor of remand. Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095

(11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand.")

Plaintiff originally filed suit in the Circuit Court of St. Charles County, State of Missouri. The petition asserts Plaintiff was employed by White Castle System, Inc. ("White Castle"), and that she was discriminated against on the basis of her disability and race in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §213.055 ("MHRA"). Plaintiff also alleges a state law claim for intentional infliction of emotion distress.

Defendant removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Defendant asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, because the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship there must be factual allegations as to each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1, 216.

Defendant's Notice of Removal and the petition allege Plaintiff is a resident of St. Charles County, Missouri. It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Reece v. Bank of New York Mellon, 760 F.3d 771, 777–78 (8th Cir. 2014). "Resident" and "citizen" have overlapping but distinct meanings. See, e.g., Black's Law Dictionary 1502 (10th ed. 2014) (explaining "a resident

is not necessarily either a citizen or a domiciliary"); New Oxford American Dictionary 1485 (3d ed. 2010) (defining "resident" as "a person who lives somewhere permanently or on a long-term basis" (emphasis added))."  Reece, 760 F.3d at 778 (notice of removal was defective where it failed to specify plaintiff's citizenship when the suit was commenced; allegation that plaintiff was an Arkansas "resident" was inadequate).

With respect to Defendant's citizenship, the Notice of Removal asserts White Castle System, Inc., is a corporation organized in the State of Ohio.  The Notice of Removal does not include any factual allegations concerning Defendant's principal places of business, which is required. 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1.

 The Notice of Removal and petition, therefore, do not contain sufficient allegations regarding the state of Plaintiff's citizenship or the state of Defendant's citizenship, both at the time of filing and the time of removal, to establish that complete diversity of citizenship exists in this matter.  Based on the foregoing, the Court cannot determine whether it has subject matter jurisdiction over this action.  The Court will grant Defendant seven (7) days to file an amended Notice of Removal to adequately allege the requisite diversity of citizenship of the parties. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **May 6, 2020**, defendant White Castle System, Inc. shall file an amended Notice of Removal alleging facts sufficient to establish:  (1) Plaintiff's citizenship both at the time of filing and the time of removal, and (2) Defendant's state(s) of incorporation and principal place of business both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if Defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of April, 2021.